STATE OF FLORIDA on the relation of B. E. ALDERMAN, A. SMITH, W. W. CARLTON, PERRY CARLTON, THAD H. CARLTON, individually, and as Administrator of the Estate of C. CARLTON, H. HAZELLIEF, V. L. MORGAN, J. L. MORGAN, and H. F. SMITH, Relators, vs. T. S. BEVILLE, Chairman, T. M. LYKES, C. F. RAULERSON, H. H. SIMMONS, WILBANKS, and J. B. SIMONTON, as constituting and being the State Live Stock Sanitary Board of the State of Florida, Respondents.

144 So. 331.

Opinion filed October 18, 1932.

*Thad H. Carlton,* for Relators;

*S. B. Jennings, Fred M. Burns* and *Waller & Pepper* for Respondents.

PER CURIAM.—The object of the alternative writ of mandamus in this case is to command the members of the State Live Stock Sanitary Board to appoint a disinterested party to act on a board of arbitrators to determine the actual, necessary and reasonable cost of collecting together, driving to and from the dipping vats cattle which the State Live Stock Sanitary Board has required to be dipped in accordance with Chapter 9201, Acts of 1923, Laws of Florida, all of which it is alleged respondents refuse to do.

The pertinent portions of the statute read as follows:

" .... when any owner, custodian, or person in charge of any cattle which are infested with the cattle fever tick, by an order, rule or regulation of the State Live Stock Sanitary Board be required to disinfect such cattle by dipping same as hereinbefore provided, that one-half the actual, necessary and reasonable expense incurred in collecting together and driving such cattle to and from the dipping vat by such owner, custodian or person in charge of same, in compliance with such order, rule, or regulation of said State Live Stock Sanitary Board shall be paid by the said Board to such owner, custodian, or person in charge of such cattle, provided such actual, necessary and reasonable expense is incurred with the approval and consent of the State Live Stock Sanitary Board or the State Veterinarian, and provided further that in the event said State Live Stock Sanitary Board or the State Veterinarian and the owner, custodian, or person in charge of such cattle are unable to agree upon the cost of collecting together and driving such cattle to and from dipping vat or vats, then the cost shall be determined by three disinterested parties, one to be selected by the said Board or State Veterinarian, one by the owner, custodian, or person in charge of such cattle, and such disinterested person shall jointly agree upon the third disinterested person, and the findings of such dis-

interested person shall be binding upon the Board and the owner, custodian, or person in charge of such cattle. In the event the arbitrators refuse or neglect to determine the actual, necessary or reasonable expense herein mentioned, then the State Live Stock Sanitary Board may at its option proceed to collect together and drive to and from the vat or vats the cattle such owner, custodian, or person in charge of such cattle, and one-half of the expense so incurred by the said Board shall be and become a charge against the owner, custodian, or person in charge of such cattle, and if not paid in thirty days, then a lien upon the cattle so collected together and driven to the vat or vats is hereby created for such amount in favor of said State Live Stock Sanitary Board.''

The Statutory duty to do the thing commanded by the alternative writ is clear. Whether or not the statute should be declared unconstitutional because of the objections pointed out by the respondents' motion to quash, is not such a defense as members of the State Live Stock Sanitary Board have the right to insist on by way of legal excuse for their failure to do what the statute plainly says shall be done by them as a matter of administrative duty, involving no official control or personal obligation or liability. Appointment of a disinterested party to act on the statutory board of arbitration provided for by Chapter 9201, Acts of 1923, will not affect any personal or property rights of the respondents in the premises. State ex rel. A. C. L. R. Co., vs. Board of Equalizers, 84 Fla. 592, 94 Sou. Rep. 691, 30 A. L. R. 362; State ex rel. Howarth v. Jordan, 105 Fla. 322, 140 Sou. Rep. 908. The writ merely requires a statutory ministerial duty to be performed without attempting to control the performance.

The object of the appointment of the particular arbitrators here concerned is to have them determine in the manner provided by Section 3327 C. G. L., ''the cost of collecting together and driving such cattle to and from dipping vats'' in order to carry out the proposed schedule of dippings

provided to begin on March 15, 1933, pursuant to resolution of the Board.

The particular duty involved here is properly required to be performed *before* the dipping is begun. This is true because that portion of the statute immediately following is to the effect that in the event the arbitrators refuse or neglect to determine such expense, then the State Live Stock Sanitary Board may at its option proceed to collect together and drive to and from the vats the owner's cattle, as an undertaking of its own.

The disinterested party which the writ here commands the respondents to appoint, is to act with his fellows only to determine the *fact* of reasonable cost *for collecting together and driving the cattle to and from the vats,* so as to afford a basis upon which the Board may exercise its judgment and option as to whether it will pay one-half of such cost to the cattle owners, or do the work itself as a more economical way of handling the subject.

Unless the relief sought is granted, the cattle owners who are relators, will be deprived of the benefit of determination of a fact which is not only vital to them but absolutely prerequisite to a complete performance of the statutory duty of the State Live Stock Sanitary Board.

The motion to quash the alternative writ is denied.

BUFORD, C.J. AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.